IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **PACKAGING CORPORATION OF AMERICA,** )<br>)<br>*Plaintiff,*    )<br>)<br>v.    )<br>)<br>**CONSOLIDATED PIPE & SUPPLY COMPANY, INC.**    )<br>`    )<br>*Defendant/Cross-Plaintiff*    )<br>)<br>**THE NEWDELL COMPANY**    )<br>)<br>*Defendant.*    ) | **CIVIL ACTION NO.:**<br>**1:09-cv-01284-JDB**<br><br>**Judge:  J. Daniel Breen**<br>**Magistrate Judge:  Edward G. Bryant** |

_____

**ANSWER AND CROSS-CLAIM OF CONSOLIDATED PIPE & SUPPLY COMPANY, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT**
_____

Come now the Defendant, Consolidated Pipe & Supply Company, Inc. (hereinafter referred to as "Consolidated"), by and through counsel, and submits its Answer to the First Amended Complaint as follows:

1.      Consolidated is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the First Amended Complaint.

2.      Consolidated is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the First Amended Complaint.

3.      Admitted.

4. Consolidated is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the First Amended Complaint.

5. Consolidated is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the First Amended Complaint.

6. Consolidated is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the First Amended Complaint.

7. Because no purchase order is attached to Plaintiff's First Amended Complaint, Consolidated is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the First Amended Complaint.

8. Admitted that Consolidated has sometimes sold check valve components to PCA. However, insofar as "thereafter" refers to the vague and unspecific allegations contained in paragraph 7 of the First Amended Complaint, Consolidated is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the First Amended Complaint.

9. Consolidated is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the First Amended Complaint.

10. Consolidated is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the First Amended Complaint.

11. Denied.

12. Denied insofar as paragraph 12 of the First Amended Complaint implies that Consolidated was involved in the design or manufacturing of the check valve. As it was unaware of the alleged failure until it was served with this lawsuit, Consolidated is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the First Amended Complaint.

13. Consolidated is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the First Amended Complaint.

## COUNT 1 – BREACH OF CONTRACT

Plaintiff asserts that it states a separate and distinct cause of action against the defendant for breach of contract in paragraphs 14 through 18 of the First Amended Complaint. However, the gravamen of plaintiff's lawsuit against Consolidated is a products liability action under Tenn. Code Ann. § 29-28-101, *et seq.* Tenn. Code Ann. § 29-28-102(6) provides that a product liability action in Tennessee includes, but is not limited to, all actions based upon the theories of strict liability and tort, negligence, or breach of warranty, expressed or implied or under any other substantive legal theory in tort or contract whatsoever. Therefore, under Tennessee Law, paragraphs 14 through 18 of the First Amended Complaint do not present a separate or distinct cause of action

against Consolidated. However, Consolidated responds to plaintiff's allegations as follows:

    14.    Consolidated adopts by reference its responses to paragraphs 1 – 13 of the First Amended Complaint.

    15.    Because the purchase order is not attached to the First Amended Complaint, Consolidated is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the First Amended Complaint.

    16.    Denied.

    17.    Denied.

    18.    Denied.

## COUNT 2 – NEGLIGENCE

Plaintiff asserts that it states a separate and distinct cause of action against the defendant for negligence in paragraphs 19 through 22 of the First Amended Complaint. However, the gravamen of plaintiff's lawsuit against Consolidated is a products liability action under Tenn. Code Ann. § 29-28-101, *et seq.* Tenn. Code Ann. § 29-28-102(6) provides that a product liability action in Tennessee includes, but is not limited to, all actions based upon the theories of strict liability and tort, negligence, or breach of warranty, expressed or implied or under any other substantive legal theory in tort or contract whatsoever. Therefore, under Tennessee Law, paragraphs 19 through 22 of the First Amended Complaint do not present a separate or distinct cause of action against Consolidated. However, Consolidated responds to plaintiff's allegations as follows:

19. Consolidated adopts by reference its responses to paragraphs 1 – 18 of the First Amended Complaint.

20. All allegations contained in paragraph 20 of the First Amended Complaint, which are directed to Consolidated, if any, are denied. Consolidated is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the First Amended Complaint.

21. Denied that Consolidated breached any duty to PCA. Denied that Consolidated, as a distributor of the valve components, had any involvement in the design, manufacture or material choice of those components. Denied that Consolidated knew or should have known of any alleged dangerous defects or conditions in the valve components.

22. All allegations contained in paragraph 22 of the First Amended Complaint, which are directed to Consolidated, if any, are denied. Consolidated is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the First Amended Complaint.

### **COUNT 3 – STRICT LIABILITY**

Plaintiff asserts that it states a separate and distinct cause of action against the defendant for strict liability in paragraphs 23 through 27 of the First Amended Complaint. However, the gravamen of plaintiff's lawsuit against Consolidated is a products liability action under Tenn. Code Ann. § 29-28-101, *et seq.* Tenn. Code Ann. § 29-28-102(6) provides that a product liability action in Tennessee includes, but is not limited to, all actions based upon the theories of strict liability and tort, negligence, or breach of warranty, expressed or implied or under any other substantive legal theory in tort or

5

contract whatsoever. Therefore, under Tennessee Law, paragraphs 23 through 27 of the First Amended Complaint do not present a separate or distinct cause of action against Consolidated. However, Consolidated responds to plaintiff's allegations as follows:

23. Consolidated adopts by reference its responses to paragraphs 1 – 22 of the First Amended Complaint.

24. Admitted that Consolidated was in the business of selling, among other things, check valves and valve components. Consolidated is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24 of the First Amended Complaint.

25. Denied.

26. All allegations contained in paragraph 26 of the First Amended Complaint, which are directed to Consolidated, if any, are denied. Consolidated is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the First Amended Complaint.

27. Denied.

**COUNT 4 – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

Plaintiff asserts that it states a separate and distinct cause of action against the defendant for breach of implied warranty of merchantability in paragraphs 28 through 33 of the First Amended Complaint. However, the gravamen of plaintiff's lawsuit against Consolidated is a products liability action under Tenn. Code Ann. § 29-28-101, *et seq*. Tenn. Code Ann. § 29-28-102(6) provides that a product liability action in Tennessee includes, but is not limited to, all actions based upon the theories of strict liability and tort, negligence, or breach of warranty, expressed or implied or under any other

substantive legal theory in tort or contract whatsoever. Therefore, under Tennessee Law, paragraphs 28 through 33 of the First Amended Complaint do not present a separate or distinct cause of action against Consolidated. However, Consolidated responds to plaintiff's allegations as follows:

  28. Consolidated adopts by reference its responses to paragraphs 1 – 27 of the First Amended Complaint.

  29. Admitted that Consolidated is merchant of some types of check valves and components. Consolidated is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the First Amended Complaint.

  30. Denied.

  31. Denied.

  32. Denied.

  33. Denied.

## COUNT 5 – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

Plaintiff asserts that it states a separate and distinct cause of action against the defendant for breach of implied warranty of fitness for a particular purpose in paragraphs 34 through 39 of the First Amended Complaint. However, the gravamen of plaintiff's lawsuit against Consolidated is a products liability action under Tenn. Code Ann. § 29-28-101, *et seq.* Tenn. Code Ann. § 29-28-102(6) provides that a product liability action in Tennessee includes, but is not limited to, all actions based upon the theories of strict liability and tort, negligence, or breach of warranty, expressed or implied or under any

other substantive legal theory in tort or contract whatsoever. Therefore, under Tennessee Law, paragraphs 34 through 39 of the First Amended Complaint do not present a separate or distinct cause of action against Consolidated. However, Consolidated responds to plaintiff's allegations as follows:

34. Consolidated adopts by reference its responses to paragraphs 1 – 33 of the First Amended Complaint.

35. Insofar as "particular purpose" implies knowledge that the valve would be installed on a pipe connected to digester number 8, denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Each and every allegation in plaintiff's First Amended Complaint not heretofore expressly admitted is denied.

## AFFIRMATIVE DEFENSES

41. Consolidated denies that it is liable to the plaintiff under any theory of law or in any amount whatsoever.

42. The First Amended Complaint fails to state a claim for which relief can be granted with respect to the plaintiff's claims for breach of implied warranty of merchantability under Tenn. Code Ann. § 47-2-314 and breach of implied warranty of fitness for a particular purpose under Tenn. Code Ann. § 47-2-315.

43. The First Amended Complaint fails to state a claim against Consolidated for which relief can be granted under Tenn. Code Ann. § 29-28-106 (Seller's Liability).

44.     The plaintiff's claims are barred by the applicable statutes of limitation and/or repose.

45.     Consolidated affirmatively asserts and relies upon the equitable doctrines of estoppel, waiver and laches.

46.     Consolidated affirmatively asserts and relies upon all provisions contained in the Tennessee Products Liability Act, Tenn. Code Ann. § 28-28-101, *et seq.*, including the limitations on sellers liability contained in Tenn. Code Ann. § 29-28-106.

47.     The alleged incident and the plaintiff's alleged damages were caused by or contributed to by persons or entities (including, but not limited to the plaintiff, other defendants and unknown third parties) other than Consolidated and over whom Consolidated had no control, and/or resulted from an independent cause beyond the control of Consolidated and for which it is not liable. Consolidated therefore relies upon the defenses of comparative fault and superseding and intervening cause.

48.     Consolidated hereby identifies Ladish Valves, 7612 Bluff Point Drive, Houston, TX 77086 as a non-party who may be at fault for the plaintiff's alleged damages. Any Ladish check valve components sold to the plaintiff were furnished to Consolidated by Ladish Valves.

49.     The valve components described in the First Amended Complaint were not in a defective condition or unreasonably dangerous at the time they left Consolidated's control.

50.     No alleged act or alleged omission by Consolidated, its representatives, employees or agents, caused or contributed to the condition, event, injuries and damages alleged in the First Amended Complaint.

51. Pursuant to Tenn. Code Ann. § 29-28-106(b), "no product liability action, as defined in § 29-28-102(6), when based on the doctrine of strict liability and tort shall be commenced or maintained against any seller of a product which is alleged to contain or possess a defective condition unreasonably dangerous to the buyer, user or consumer unless the seller is also the manufacturer of the product or the manufacturer of the part thereof claimed to be defective…" Because Consolidated is not the manufacturer of the valve components alleged in plaintiff's First Amended Complaint, the plaintiff's product liability action against Consolidated based on the doctrine of strict liability, breach of contract and tort should be dismissed.

52. Consolidated respectfully reserves the right to add further and additional affirmative defenses or to amend its answer as discovery and investigation in this action proceeds.

**WHEREFORE**, Consolidated respectfully requests that the complaint against it be dismissed with costs against the plaintiff and for any and all other relief to which it may be entitled.

<u>**CROSS-CLAIM FOR INDEMNITY**</u>

Having answered all of plaintiff's claims against it, defendant, Consolidated Pipe & Supply Company, Inc., now takes on the role of cross-plaintiff and states the following cause of action against The Newdell Company.

1.  Based upon information and belief, defendant, The Newdell Company, is a Texas corporation organized under the laws of the State of Texas with its principal place of business at 13750 Hollister Road, Houston, TX 77086.

2.  Based upon information and belief, The Newdell Company was the manufacturer of the Ladish brand check valve components referred to in the allegations of the First AmendedComplaint.

3.  Consolidated Pipe & Supply Company, Inc. did not design, manufacturer or modify the Ladish brand check valve components referred to in the allegations of the First Amended Complaint.

4.  The plaintiff has sued Consolidated Pipe & Supply Company, Inc., alleging that Ladish brand check valve components purchased from Consolidated Pipe & Supply Company, Inc. were defective.

5.  Consolidated Pipe & Supply Company, Inc. has incurred costs, expenses and attorney's fees in connection with the defense of this lawsuit.

6.  In the event the plaintiff is successful in its claim against Consolidated Pipe & Supply Company, Inc., this defendant may become subjected to further liability, costs, expenses and attorney fees.

7.  If the Ladish brand check valve components are found to be defective, pursuant to *Pullman Standard, Inc. v. Abex Corporation* 693 S.W. 2nd 336 (Tenn. 1985), The Newdell Company is liable to Consolidated Pipe & Supply Company, Inc. for all of the claims asserted in the First Amended Complaint against Consolidated Pipe & Supply Company, Inc. Therefore, Consolidated Pipe & Supply Company, Inc. asks judgment

against The Newdell Company for such sum, if any, as the plaintiff shall be awarded in its action against Consolidated Pipe & Supply Company, Inc.

**WHEREFORE**, the defendant/cross-plaintiff, Consolidated Pipe & Supply Company, Inc., prays as follows:

a)  That this Court enter judgment against The Newdell Company awarding Consolidated Pipe & Supply Company, Inc. reasonable attorney's fees, costs and expenses incurred in the defense of this litigation;

b)  That the Court enter a judgment against The Newdell Company ordering The Newdell Company to indemnify Consolidated Pipe & Supply Company, Inc. for any liability which it may incur as a result of the claims set forth in the First Amended Complaint filed by the plaintiff, Packaging Corporation of America;

c)  For pre-judgment and post-judgment interest;

d)  For such other and further relief which the Court may deem just and proper.

Respectfully submitted,

_____/s/ Dale A. Tipps_____
**DALE A. TIPPS            BPRN 16932**
*Attorney for the Defendant/Cross-Plaintiff*
*Consolidated Pipe & Supply Company, Inc.*
**LEVINE, ORR & GERACIOTI**
210 Third Avenue North
P.O. Box 190683
Nashville, TN 37219-0683
(615) 244-4944
E-mail:  dtipps@levineorr.com

12

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document(s) was forwarded via first class U.S. mail, postage pre-paid and/or electronic means via the Court's electronic filing system on this 9th day of April, 2010 to:

Mr. Jefferson C. Orr
Smith, Cashion & Orr, PLC
231 3rd Avenue, N.
Nashville, TN 37201
*Attorney for Packaging Corporation of America*

Ms. Lauren L. Holloway
8245 Tournament Dr., Ste. 220
Memphis, TN 38125
*Attorney for The Newdell Company*

　　　　　　/s/ Dale A. Tipps

DAT/gms/PCA/Answer 2 1st Amen Complaint/A0100-01401